UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE

KHALIL RAMMAL,

    Plaintiff

v.

VAN RU CREDIT CORP.

    Defendant.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

RECEIVED IN CLERK'S OFFICE
APR 01 2014
U. S. DISTRICT COURT
MID. DIST. TENN.

## COMPLAINT

KHALIL RAMMAL ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VAN RU CREDIT CORP. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Tennessee, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Franklin, Tennessee.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation specializing in debt collection with its principal place of business located at 1350 E. Touhy Ave., Suite 300E, Des Plaines, IL 60018.

8. Defendant is "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant was acting collectively, and attempting to collect an alleged consumer debt from Plaintiff from a student loan.

11. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

12. Beginning in or around April 2013 and continuing through June 2013, Defendant placing repeated and harassing telephone calls to Plaintiff on a daily basis on his cellular telephone.

13. Plaintiff informed the Defendant that he disputed the debt and would not make payments until the amount was validated and understood.

14. Nevertheless, Defendant continued to call Plaintiff in an attempt to collect a debt that was known to be disputed.

15. Once Defendant was made aware that Plaintiff disputed the debt, there was no reason to continue to contact Plaintiff other than to harass, annoy and abuse Plaintiff.

2

PLAINTIFF'S COMPLAINT

16. Further, during a conversation with one of Defendant's collectors told Plaintiff his dispute was not valid and if he did not make payment they would show up at his place of employment to collect the debt, garnish thirty percent of his wages, and take further legal actions.

17. Upon information and belief, Defendant has not taken such action against Plaintiff, and had no intention or legal authority to do so.

18. Defendant's collectors also implied that they were the Federal Government and stated that it was "not possible to win" against the government, that the federal government was a "formidable foe" and neither filing bankruptcy, nor consulting with attorneys could stop them.

19. Further, within five (5) days of its initial communication with Plaintiff, Defendant failed to send Plaintiff written notification of his rights to dispute the debt and/or to request verification of the debt, as well as the name of the original creditor and the amount of the debt.

20. In furtherance of their disregard for Plaintiff's rights, Defendant's collectors informed Plaintiff that there was collection fee of $5,700 added on to what he owed, which could be waived if he made payments immediately.

21. Finally, on June 13, 2014, Defendant received written notification that Plaintiff was represented by counsel and to cease and desist all communications with Plaintiff.

22. Despite receiving this notification, Defendant continued to contact Plaintiff, including on June 18 and 19, 2013.

23. Defendants' actions in connection to the collection of the alleged debt were harassing, coercive, deceptive and highly unfair.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(2) OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

24. Section 1692c(a)(2) of the FDCPA prohibits debt collectors from communicating in connection to the collection of any debt, if the debt collector knows the consumer is represented by an attorney with respect to such debt.

25. Defendant violated § 1692c(a)(2) when it continued to called Plaintiff after receiving written notification that Plaintiff was represented by counsel and to cease and desist all communications with Plaintiff.

## COUNT II
## DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

28. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it placing repeated and harassing telephone calls to Plaintiff on a daily basis on his cellular telephone, after Plaintiff informed the Defendant that he disputed the debt and would not make payments until the amount was validated, and when it engaged in other harassing or abusive conduct.

## COUNT III
## DEFENDANT VIOLATED § 1692e(1) OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692e(1) of the FDCPA prohibits debt collectors from making the false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State.

30. Defendant violated § 1692e(1) of the FDCPA when it implied that is was affiliated with the Federal Government.

## COUNT IV
## DEFENDANT VIOLATED § 1692e(2) OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692e(2) of the FDCPA prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt or that any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

32. Defendant violated § 1692e(2) of the FDCPA when it informed Plaintiff that there was collection fee of $5,700 added on to what he owed, which could be waived if he made payments immediately.

## COUNT V
## DEFENDANT VIOLATED § 1692e(4) OF
## THE FAIR DEBT COLLECTION PRACTICES ACT

33. Section 1692e(4) of the FDCPA prohibits debt collectors from making the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

34. Defendant violated § 1692e(4) of the FDCPA when threatened to show up at his place of employment to collect the debt, garnish thirty percent of his wages, and take further legal actions when Defendant had no intention or legal authority to do so.

## COUNT VI
## DEFENDANT VIOLATED § 1692e(5) OF THE FAIR DEBT COLLECTION PRACTICES ACT

35. Section 1692e(5) of the FDCPA disallows debt collectors from making a threat to take any action that cannot legally be taken or that is not intended to be taken.

36. Defendant violated § 1692e(5) of the FDCPA when it threatened to take legal action against Plaintiff when it lacked the intent to do so.

## COUNT VII
## DEFENDANT VIOLATED §§ 1692f and 1692f(1) OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

38. Section 1692f(1) of the FDCPA prohibits debt collectors from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

39. Defendant violated § 1692f and 1692f(1) of the FDCPA when it called Plaintiff after receiving written notification that Plaintiff was represented by counsel and to cease and desist all communications with Plaintiff, when it placing repeated and harassing telephone calls to Plaintiff on a daily basis on his cellular telephone, after Plaintiff informed the Defendant that he disputed the debt and would not make payments until the amount was validated, when it implied that is was affiliated with the Federal Government, when it informed Plaintiff that there

was collection fee of $5,700 added on to what he owed, which could be waived if he made payments immediately, when threatened to show up at his place of employment to collect the debt, garnish thirty percent of his wages, and take further legal actions when Defendant had no intention or legal authority to do so, when it failed to provide written notification or any information in writing to Plaintiff in regards to how to dispute the debt or obtain verification of the debt, in violation of the FDCPA, and when it engaged in other harassing or abusive conduct.

## COUNT VIII
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

40. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, the manner in which to dispute the debt, and that if the debt is disputed, that the debt collector will obtain verification of the debt, and will provide information to Plaintiff on how to dispute the debt.

41. Defendant violated § 1692g(a) of the FDCPA when it failed to provide written notification or any information in writing to Plaintiff in regards to how to dispute the debt or obtain verification of the debt, in violation of the FDCPA.

WHEREFORE, Plaintiff KHALIL RAMMAL, respectfully prays for a judgment as follows:

    a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, KHALIL RAMMAL, demands a jury trial in this case.

DATED: 3/28/2014        KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
Amy L. Bennecoff
BPR # 28563
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: abennecoff@creditlaw.com